Michael Steven Brandt (WSBA No: 29200)
23183 SW Byers Lake Ter
Sherwood, OR  97140-8100
Tel: 503-457-7531
Email: Brandtmichaelsteven@gmail.com

Gi Nam Lee (California State Bar No: 204561)
Trustable Law PC
8350 Wilshire Blvd., Suite 210
Beverly Hills, CA  90211
Tel: 323-879-9300
Email: Ginam.Lee@Trustablelaw.com
**(PRO HAC VICE FORTHCOMING)**

Attorneys for Plaintiff MASANGSOFT INC.

# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MASANGSOFT INC., a Korean corporation,<br><br>            Plaintiff,<br><br>   vs.<br><br>THE DUEL BRASIL, a Brazilian entity form unknown; GUILHERME GASPAR, an individual; and<br><br>DOES 1 through 100, inclusive,<br><br>         Defendants. | **Case No.: _____**<br><br>**COMPLAINT FOR:**<br><br>1. **COPYRIGHT INFRINGEMENT (17 USC §101, ET SEQ)**<br>2. **ABUSE OF DMCA COUNTER-NOTIFICATION UNDER 17 U.S.C. §512(f))**<br><br>**DEMAND FOR JURY TRIAL** |

1

## INTRODUCTION

1.    Plaintiff Masangsoft Inc. alleges Defendants The Duel Brasil and Guilherme Gaspar misappropriated and is infringing on the intellectual property rights of Plaintiff's online third-person shooting games, "GUNZ THE DUEL" and GUNZ THE DUEL 2" aka "GUNZ 2: THE SECOND DUEL".

## JURISDICTION

2.    This is a civil action seeking damages and injunctive relief for copyright infringement under the U.S. Copyright Act, 17 U.S.C. § 101 et seq.

3.    This Court has subject matter jurisdiction over this matter pursuant to 17 U.S.C. §101 et seq., 28 U.S.C. §1331 and 28 U.S.C. §1338(a).

4.    Defendants are subject to the personal jurisdiction of this Court pursuant to Washington Revised Code §4.28.185 and Fed. R. Civ. P. 4(k)(1) because Defendants transact business in the State of Washington and in this District. Defendant has specifically marketed, offered to the public, and otherwise trafficked in the infringing work at issue in this proceeding in the United States and in this District.  Defendants purposefully direct their activities into this District and to residents of this District, does business with residents of this District, and avails themselves of the privilege of conducting business in this District.  Plaintiff's claims arise out of and relate to Defendants' activities in this District.

5.    Defendants are also subject to the personal jurisdiction of this Court pursuant to 17 U.S.C. §512(g)(3)(D), which contains explicit consent to jurisdiction upon submission of a Digital Millennium Copyright Act ("DMCA") counter-notification. Specifically, Defendants' infringing works are made available for use

1

on the service provider store.steampowered.com ("Steam").  Valve Corporation ("Valve"), which owns and operates Steam, is headquartered in this District. Plaintiff submitted a DMCA notification to Valve relating to Defendants' infringing conduct. By submitting a DMCA counter-notification to Valve, Defendants have explicitly consented to the personal jurisdiction of any United States federal district court in which Valve and its affiliates may be found. See 17 U.S.C. § 512(g)(3)(D). **Exhibit A** contains a copy of Defendants' DMCA counter-notification submitted to Valve.

6.     According to the DMCA counter-notification submitted by Defendants to Valve, Defendants are located in Brazil. On information and belief, Defendants are not domiciled or located in any state in the United States. Defendants are also not incorporated in any state in the United States.

## PARTIES

7.     Plaintiff Masangsoft Inc. ("Plaintiff" or "Masangsoft") is, and at all times mentioned herein was, a corporation organized and existing under the laws of South Korea.  Plaintiff is the owner of copyrighted work that is at issue in this action.

8.     Upon information and belief, Defendant The Duel Brasil ("Duel Brasil") is an unknown entity organized and existing under the laws of Brazil that publishes or intends to publish its game on Steam.

9.     Upon information and belief, Defendant Guilherme Gaspar ("Gaspar") is an individual resident of Brazil who is the CEO of Duel Brasil or otherwise, owns, controls, or associated with Duel Brasil.

10.    The true names and capacities of Defendants Does 1 through 100, inclusive, whether individual, corporate, associate, or otherwise, are unknown to

1

Plaintiff, who therefore sue these Defendants by such fictitious names. Plaintiff will amend this Complaint to show the true names and capacities of these Defendants after they have been discovered. On information and belief, each of the fictitiously named Defendants is responsible in some manner for the occurrences alleged in this Complaint, and the damages as alleged in this Complaint were proximately caused by the acts or omissions of these Defendants.

11.    On information and belief, at all times material to this action, each Defendant was acting as an agent, servant, partner, and/or alter ego of each of the remaining Defendants and, in connection with the matters alleged herein, was acting in the course and scope of such agency. Plaintiff is further informed and believes, and on that basis alleges, that each Defendant, while acting as principal, expressly acted with the knowledge of the other Defendants and/or expressly directed, authorized, affirmed, consented to, ratified, encouraged, approved, adopted, and/or participated in the acts or transactions of the other Defendants.

## FACTS COMMON TO ALL CAUSES OF ACTION

### Plaintiff's Game: Gunz The Duel

12.    GUNZ THE DUEL ("GunZ") and GUNZ THE DUEL 2 aka GUNZ 2 THE SECOND DUEL ("GunZ 2") (collectively, "Plaintiff's Work") are online third-person shooting games developed and published by Plaintiff.

13.    GunZ was originally developed and published in approximately February 2004 and GunZ 2 was later developed and published by Maiet Entertainment, Inc. ("Maiet") in South Korea.

14.    Maiet transferred and assigned to Plaintiff, and Plaintiff acquired from Maiet, all rights and goodwill to Plaintiff's Work in 2015. Thus, the Plaintiff's

Work are original works that belong exclusively to Plaintiff.

15.    Plaintiff is exempt from registration requirements under 17 U.S.C. § 411(a) in that South Korea and the Unites States are members of the Berne Convention which provides that foreign works that have been published in the foreign country are exempt from the registration requirement of 411(a).  A true and correct copy of the Certificate of Copyright Registration issued on 12/03/2024 from the Korea Copyright Association attesting to Plaintiff's ownership of GunZ and the date of publication is attached hereto as **Exhibit "B"**.

### **Defendants' Infringing Game – The Duel**

16.    Upon information and belief, Defendants have, without authorization from Plaintiff, offers an online third-person shooting game titled "The Duel" ("Defendants' Work") through its private server https://theduel.com.br.  Defendants also market Defendants' Work through Instagram  at https://www.instagram.com/theduelbr/?hl=en, X at https://x.com/theduelofficial?lang=en, and Facebook at https://www.facebook.com/theduelinc/.

17.    In each of these platforms, Defendants use for its thumbnail, Plaintiff's image on its homepage (outlined in red oval for identification).

MASANGSOFT HOME PAGE (gz.masanggames.co.kr)



1



The Duel Homepage (theduel.com.br)

The Duel: Instagram

The Duel: Facebook

1



18.    Defendants announced on Steam that The Duel is coming soon on Steam.

19.    Plaintiff announced earlier on Steam that Plaintiff's Work is "Coming Soon" on Steam.

20.    Upon information and belief, Defendants plan to offer Defendants' Work through Steam incorporating a title, map, designs, content, and characters that is substantially similar to the title, map, gameplay, designs, content, and characters embodied in Plaintiff's Work as shown in the comparison of the respective works below:

| **Defendants Work** | **Plaintiff's Work** |
|---|---|
| *THE DETAILS OF THE IRON PLATE WITH RIVETS (SCREWS) ON THE CORNERS OF THE DIAMOND ARE THE SAME* | |
|  |  |
| *CLOTHES, MAP, UI ALL ARE THE SAME* | |
|  | |
| *TRAINS* | |
| *(including train number01 6706-6, and objects placed around all the same* | |
|  |  |

| Defendants Work | Plaintiff's Work |
|---|---|
| SHIPS | |
|  |  |
| GARDEN | |
|  |  |
| STATUE MAP | |
|  |  |

1

| Defendants Work | Plaintiff's Work |
|---|---|
| *FACTORY MAP* | |
|  |  |

21.    Defendants' game depicted in the above comparison infringes Plaintiff's copyright and has caused damage to Plaintiff.

22.    Upon information and belief, Defendants have consciously and in bad faith copied the Plaintiff's Work to gain a position in the marketplace that they would not otherwise have and as part of a transparent attempt to enhance their own business at Plaintiff's expense.

23.    Upon information and belief, Defendants have earned profits from their sales of the above-described infringing games.  Likewise, upon information and belief, Plaintiff has lost sales as a direct result of the sales of such infringing services by Defendants.

24.    After Defendant's infringing services were brought to Plaintiff's attention, Plaintiff submitted a DMCA "takedown" notices with Valve on or about _____, under 17 U.S.C. § 512(c) to remove the listings of Defendants infringing services, which was described as "The Duel"

25.    In response to Plaintiff's DMCA takedown notice, Defendant Litvinov submitted a DMCA "counter-notification" to Valve under 17 U.S.C. § 512(g)(3)

which was forwarded to Plaintiff on or about December 16, 2024.  A true and correct copy of the notice from Valve and the "counter-notification" is attached hereto as **Exhibit "A".**

26.    Pursuant to §17 U.S.C. §512(g)(2)(B)–(C), Valve had to inform Plaintiff of the counter-notification. Section 512(g)(2)(B) and (C) also requires Valve to replace any removed material or cease disabling access to Defendants' listings for the infringing services within fourteen (14) business days of the counter-notification, unless Plaintiff provides Valve notice that it has filed an action in Court to restrain the Defendants from the infringing activity.

27.    Plaintiff has no adequate remedy at law.

<u>**COUNT I**</u>
<u>**(COPYRIGHT INFRINGEMENT 17 U.S.C. §§106, et. seq)**</u>
<u>**(Against All Defendants)**</u>

28.    Plaintiff repeats and realleges paragraphs 1 to 24 of the Complaint as if the same were fully set forth herein and with the same full force and effect.

29.    Plaintiff is, and at all relevant times has been, the owner of the exclusive rights under the Copyright Law of Korea in the Plaintiff's Work.

30.    Plaintiff's Work is a foreign work that was first published in 2008 outside of the United States and as such, is exempt from the registration requirements under 17 US.C. 411(a).

31.    Notwithstanding the foregoing, Plaintiff's Work is pending registration with the Korea Copyright Commission and the United States Copyright Office.

32.    Among the exclusive rights granted to Plaintiff under the Copyright Act is the exclusive right to use or to license the right to use the "Gunz The Duel" and "Gunz The Duel 2" aka "Gunz: The Second Duel" games to others.

33.    Without Plaintiff's authorization, upon information and belief, Defendants have created or had others create Defendant's Work incorporating

designs that are substantially similar to those of Plaintiff's Work, and he has offered or will offer such services online, including, upon information and belief, to residents of Washington and in this District.

34.     Upon information and belief, the foregoing acts of infringement have been willful and intentional, with wanton disregard and indifference to the rights of Plaintiff.

35.     As a result of Defendants' infringement of Plaintiff's copyright and the exclusive rights embodied therein, Plaintiff is entitled to the recovery of its actual damages, together with an accounting of profits, or, alternatively, an award of statutory damage pursuant to 17 U.S.C. § 504, along with its reasonable attorney's fees and costs, pursuant to 17 U.S.C. § 505.

36.     Defendants' conduct is causing and, unless enjoined by this Court, will continue to cause Plaintiff irreparable injury that cannot be fully compensated or measured through an award of monetary damages.  Plaintiff has no adequate remedy at law and is entitled to injunctive relief pursuant to 17 U.S.C. §§ 502 and 503 prohibiting Defendants from further infringing Plaintiff's copyright and ordering Defendants to take down all forms of the infringing materials made and used in violation of Plaintiff's copyright.

### COUNT II
### (ABUSE OF DMCA COUNTER-NOTIFICATION UNDER 17 U.S.C. §512(f))
### (AGAINST ALL DEFENDANTS)

37.     Plaintiff incorporates paragraph 1 through 36 above as if fully set forth herein.

38.     After Plaintiff initiated a DMCA takedown to prevent Defendants from offering the infringing works at issue, Defendants filed a counter-notification with Valve.

39.     Defendants abused the DMCA counter-notification system and

1

misrepresented material facts when they submitted the counter-notification to Valve. Defendants are well aware that they are offering games that infringe Plaintiff's Work. By submitting a counter-notification, however, Defendants ask Valve to rely on Defendants' misrepresentations and to replace and restore access to Defendants infringing product listing.

40.   Defendants' conduct thus violates 17 U.S.C. §512(f).

41.   Defendants have realized or is likely to soon realize unjust profits and unjust enrichment as a proximate result of its abuse of the DMCA counter-notification system in an amount yet to be determined.

42.   As a direct and proximate result of Defendants' abuse of the DMCA system, Plaintiff has suffered and will continue to suffer actual damages. Plaintiff is entitled to actual damages and any gains, profits, and advantages obtained by Defendants resulting from Defendants' abuse of the DMCA counter-notification system.

43.   Plaintiff is further entitled to recover its attorneys' fees and full costs per 17 U.S.C. § 512(f).

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff respectfully requests entry of a judgment granting relief against Defendants as follows:

1.   Awarding Plaintiff actual damages for each infringement of its copyright in such amount as may be found;

2.   Ordering Defendants to make an accounting of, and imposing a constructive trust with respect to, Defendants' profits attributable to its infringements of the copyright in the Plaintiff's Work;

3.   Awarding Plaintiff statutory damages on its claim for infringement of its copyright in such amount as may be found, as permitted by 17 U.S.C. § 504;

1

4.    Preliminarily and permanently enjoining Defendants, their agents, servants, companies, affiliates, employees and attorneys, and those persons in active concert or participation with them, or any of them, from continuing to infringe on the copyright in the Plaintiff's Work;

5.    Awarding Plaintiff prejudgment interest according to law;

6.    Awarding Plaintiff its reasonable attorney's fees on its claims for infringement of its copyright described above; and

7.    Granting Plaintiff such other and further relief as this Court may deem just and proper.


DATED: <u>January 1, 2025</u>          <u>MICHAEL STEVEN BRANDT</u>


                                    By: <u>/s/ Michael Steven Brandt</u>
                                    Michael Steven Brandt
                                    Attorneys for Plaintiff


DATED: January 1, 2025          TRUSTABLE LAW PC


                                    By: /s/ Gi Nam Lee
                                    Gi Nam Lee
                                    Attorneys for Plaintiff

1

# DEMAND FOR JURY TRIAL

Plaintiff requests a trial by jury on the Complaint


DATED: January 1, 2025                    MICHAEL STEVEN BRANDT


                                          By: /s/ Michael Steven Brandt
                                          Michael Steven Brandt
                                          Attorneys for Plaintiff

DATED: January 1, 2025                    TRUSTABLE LAW PC


                                          By: /s/ Gi Nam Lee
                                          Gi Nam Lee
                                          Attorneys for Plaintiff

1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

# EXHIBIT "A"

1

보낸사람: DMCA <dmca@valvesoftware.com>

Date: 2024 년 12 월 17 일 (화) 오전 7:06

Subject: DMCA Counter-Notice 45897
To: ynchoi@masangsoft.com <ynchoi@masangsoft.com>
Cc: DMCA <dmca@valvesoftware.com>

Hello,

Guilherme Gaspar has filed a counter-notice against your copyright complaint, requesting that the content be reinstated.  In accordance with our policy, you have 14 business days to file a legal complaint with the U.S. Federal District Court for the judicial district in which the defendant's address is located (or if the defendant is located outside the United States, the Federal District Court for Western Washington https://www.wawd.uscourts.gov/, where Valve is located).  If we do not receive a copy of the legal complaint within the 14-business day period, we will reinstate the content.  We are providing you with the defendant's personal contact information so you can address the matter directly with Guilherme Gaspar.  A copy of the notice is set forth in full at the end of this email.

Guilherme Gaspar
gaspar@theduel.com.br

Per 17 U.S.C. sec. 512 of the Digital Millennium Copyright Act (DMCA Safe Harbor provisions), Valve has fulfilled its role in this copyright complaint.

Regards,

DMCA Team

Valve Corporation

COUNTER-NOTICE

Material Identification:
The material in question, located at https://store.steampowered.com/app/1788670/The_Duel/, has been incorrectly removed due to misidentification. The content does not infringe upon the copyrights held by Masangsoft Inc. or any related parties.

Statement of Good Faith:
I, Guilherme Gaspar, hereby state, under penalty of perjury, that I have a good faith belief that the material was removed or disabled as a result of a mistake or misidentification.

Contact Information:
Name: The Duel Brasil

Title: CEO
Address:

Rua Vale do Cariri, 139
Vila Nova Mazzei
São Paulo, SP 02317-060
Brazil
Phone: +55 11 97333-9227
Email: gaspar@theduel.com.br


Jurisdiction Consent:
I, Guilherme Gaspar, on behalf of The Duel Brasil, hereby consent to the jurisdiction of the U.S. District Court for the Central District of Washington. I agree to accept service of process from Masangsoft Inc. or their designated agent.


Signature:
This email serves as my digital signature:
/s/ Guilherme Gaspar

1

EXHIBIT "B"

REGISTRATION NUMBER   C-2024-049034

 **CERTIFICATE OF COPYRIGHT REGISTRATION**

1. TITLE OF WORK        GUNZ THE DUEL

2. CATEGORY OF WORK        Computer-program Work > Application S/W >
Entertainment > On-Line Game S/W

3. NAME OF AUTHOR        Masangsoft, Inc.
(CORPORATE NAME)        Centum seo-ro, Haeundae-gu, Busan, Republic of Korea

4. DATE OF BIRTH        110111-2933285
(COPRORATION REGISTRATION NUMBER)

5. DATE OF CREATION        2004.02.14

6. DATE OF PUBLICATION        2004.02.14

7. DATE OF REGISTRATION        2024.11.29

8. PARTICULARS FOR REGISTRATION        Author : Masangsoft, Inc., Creation : 2004.02.14,
Publication : 2004.02.14

THIS IS TO CERTIFY THAT, IN ACCORDANCE WITH ARTICLE 53 OF THE
COPYRIGHT ACT, THE ABOVE IS DULY REGISTERED ON THE REGISTER.

2024.12.03

KOREA COPYRIGHT COMMISSION 



